**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MAIRA MANCIAS and HUMBERTO SANTA CRUZ | §<br>§<br>§<br>§ | PLAINTIFFS |
| v. | §<br>§<br>§ | Civil No. 1:26cv25-HSO-BWR |
| GRAHAM ANDERSON BROME, et al. | §<br>§<br>§ | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT APEX TRANSIT LLC'S MOTION [7] FOR PARTIAL JUDGMENT ON THE PLEADINGS**

In this car-accident case, Defendant Apex Transit LLC ("Defendant" or "Apex") seeks dismissal of Plaintiffs Maira Mancias and Humberto Santa Cruz's (collectively "Plaintiffs") independent negligence claims against it. *See* Mot. [7]; Mem. [8]; Reply [11]. Plaintiffs oppose the Motion [7], arguing that the Court should either deny it or allow them an opportunity to amend their Complaint [1-1] to cure any defects. *See* Resp. [10]. Upon review of the pleadings, Defendant's Motion [7] should be granted, and the independent negligence claims against Apex should be dismissed.

## I.  BACKGROUND

Plaintiffs allege that in September 2022, they were driving westbound on Interstate 10 in Jackson County, Mississippi, when Defendant Graham Anderson Brome ("Brome") negligently struck them with the commercial vehicle he was operating, causing injuries. *See* Compl. [1-1] at 9. Plaintiffs further allege that at the time of the wreck, "Brome was working for Defendant Apex Transit LLC and

1

was performing his duties within the course and scope of his employment . . . ," *id.*, and that Apex owned the vehicle Brome was operating, *id.* at 12.

Plaintiffs filed suit in the Circuit Court of Jackson County, Mississippi, on September 8, 2025, *see id.* at 7, but the case was removed to this Court based on diversity jurisdiction, *see* Notice [1] at 2. The Complaint [1-1] raises three claims: (1) negligence against Brome; (2) negligent entrustment, supervision, and hiring against Apex; and (3) vicarious liability. *See* Compl. [1-1] at 11-13. Defendant filed an Answer [5], admitting that "if it is proven that Mr. Brome was negligent, Apex would be vicariously liable for [his] simple negligence[.]" Answer [5] at 1.

Defendant Apex then filed its Motion [7] for Partial Judgment on the Pleadings, arguing that Plaintiffs' claims of independent negligence against Apex "should be dismissed for two reasons: (1) Apex has admitted vicarious liability for any simple negligence of Brome, if any; and, alternatively, (2) these claims are conclusory and unsupported by any adequately pled facts." Mot. [7] at 2. Plaintiffs oppose both points but request leave to amend the Complaint [1-1] in the event that the Court grants the Motion [7]. *See* Resp. [10] at 4-7.

## II.    DISCUSSION

A.    Relevant Legal Authority

Federal Rule of Civil Procedure 12(c) states "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Such a motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed

2

facts."  *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015) (quotation omitted).   Review of a Rule 12(c) motion "is generally limited to the contents of the pleadings, including attachments thereto."  *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) (quotation omitted).

In deciding a Rule 12(c) motion, the Court applies the same standard as it does for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020) (per curiam).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   This means that the allegations in the complaint "must be enough to raise a right to relief above the speculative level . . . ," *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678.   A court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff."  *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 290 (5th Cir. 2016) (per curiam) (quotation omitted).

B.    Analysis

1.    Apex's Acknowledgment of Vicarious Liability Requires Dismissal of the Independent Negligence Claims Against It

"Because subject-matter jurisdiction in this case is premised upon diversity of citizenship, the Court applies Mississippi substantive law."  *Evans v. Englund Equip. Co.*, No. 1:24-CV-304-HSO-BWR, 2025 WL 2164549, at *3 (S.D. Miss. July

3

30, 2025) (citing *Compliance Source, Inc. v. GreenPoint Mortg. Funding, Inc.*, 624

F.3d 252, 259 (5th Cir. 2010); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

And Apex maintains that "[u]nder Mississippi law, any direct liability claims

against an employer fail when the employer concedes it would be vicariously liable

for any employee's negligence."  Mem. [8] at 6 (quoting *Moysey v. BMR Transp.,*

*LLC*, No. 3:21-CV-473-KHJ-MTP, 2023 WL 2482017, at *2 (S.D. Miss. Mar. 13,

2023)).

This Court recently considered the same issue in a factually similar collision

case where, upon determining that the Mississippi Supreme Court had not yet

clearly spoken on the matter, it conducted an *Erie* analysis, *see generally Erie R.R.*

*Co.*, 304 U.S. 64, and concluded that

> other courts in Mississippi, including this Court, have concluded over
> several decades that when an employer admits vicarious liability, direct
> negligence claims for negligent hiring, training, supervision, retention,
> and entrustment asserted against the employer merge with a plaintiff's
> claims against the employee.  *See Carothers v. City of Water Valley*, 242
> So. 3d 138, 144-45 (Miss. Ct. App. 2017), *cert. denied*, 246 So. 3d 67
> (Miss. 2018) . . . .
>
> In the absence of any pronouncement from the Mississippi Supreme
> Court, this Court will defer to the Mississippi Court of Appeals on this
> issue,

*Evans*, 2025 WL 2164549, at *4 (collecting cases); *see also Robinson v. Colucci*, No.

3:16CV687TSL-RHW, 2017 WL 11379844, at *2 (S.D. Miss. Oct. 30, 2017)

(collecting cases and reaching the same conclusion).

Plaintiffs do not challenge this merger principle; instead, they argue that "[i]t

applies only where the plaintiff alleges no independent breach of duty by the

employer beyond respondeat superior and where the direct negligence theory rests

4

solely on the employee's conduct."   Resp. [10] at 5.   Plaintiffs offer two cases in support of their position.   *See id.*   But the first case does not support Plaintiffs' proposition and, moreover, seemingly has nothing to do with the issue here as that case involved neither direct negligence nor vicarious liability.   *See Roberts v. Boots Smith Oilfield Servs., LLC*, 200 So. 3d 1022, 1024 (Miss. 2016) (plaintiff suing for wrongful termination and other intentional torts).

The second case simply recognized that negligent hiring is a cognizable claim in Mississippi.   *See Doe ex rel. Doe v. Salvation Army*, 835 So. 2d 76, 77 (Miss. 2003) (en banc).   But that is not in dispute; the question is whether the direct negligence claims against Apex merge with the direct negligence claims against Brome now that Apex has conceded vicarious liability.   *See* Answer [5] at 1.   In keeping with its previous determination, the Court answers this question in the affirmative.   *See Evans*, 2025 WL 2164549, at \*4 (collecting cases); *see also Colucci*, 2017 WL 11379844, at \*2 (collecting cases).

Plaintiffs also posit that the application of Mississippi's merger principle at the Rule 12(c) stage is improper.   *See* Resp. [10] at 5-7.   However, they simultaneously acknowledge that "[t]he Rule 12(c) inquiry is confined to whether the pleadings themselves demonstrate that the material facts are undisputed, and *that judgment may be rendered as a matter of law.*"   *Id.* at 6 (emphasis added). Even when viewing the few[1]  facts alleged in the Complaint [1-1] in the light most favorable to Plaintiffs, as a matter of Mississippi law, the direct negligence claims

---

[1] *See* discussion *infra* Section II.B.2.

against Apex have merged with the direct negligence claims against Brome and therefore must be dismissed. *See Evans*, 2025 WL 2164549, at *4 (dismissing independent negligence claims at the Rule 12(c) stage); *Carothers*, 242 So. 3d at 144 (affirming dismissal of independent negligence claims at the Rule 12(b)(6) stage).

Plaintiffs otherwise maintain that merger should not apply because they are seeking punitive damages, which "depends on the nature and character of Apex's corporate conduct, including any direct negligence in hiring, training, supervision, or entrustment." Resp. [10] at 6. "In Mississippi, a plaintiff seeking punitive damages must adequately plead that the defendant 'acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.'" *Mississippi ex rel. Fitch v. Eli Lilly & Co.*, 620 F. Supp. 3d 532, 543 (S.D. Miss. 2022) (quoting Miss. Code Ann. § 11-1-65(a)). But the Complaint [1-1] does not plead that Apex was grossly negligent in its supervision, entrustment, or hiring of Brome, and "punitive damages are not available under the Mississippi law based solely upon vicarious liability." *J.M. v. Mgmt. & Training Corp.*, No. 3:15CV841-HSO-JCG, 2017 WL 3906774, at *19 (S.D. Miss. Sept. 5, 2017) (collecting cases). Accordingly, Plaintiffs have not plausibly alleged a claim for punitive damages against Apex, so this argument does not prevent merger of their independent negligence claims against Apex under Mississippi law.

2. <u>Plaintiffs have not Adequately Pled Facts Supporting their Independent Negligence Claims Against Apex</u>

Additionally, Defendant argues that the independent negligence claims

against it are ripe for dismissal because the Complaint [1-1] contains no facts to support them. *See* Mem. [8] 7-8; Reply [11] at 5-6. The only instance where the Complaint [1-1] alleges independent wrongdoing by Apex is in paragraphs 31-32, which state:

> 31. . . . . Defendant Apex Transit, LLC was negligent in the supervision, entrustment, and hiring of Defendant Brome.
>
> 32. The negligent supervision, entrustment, and hiring of Defendant Brome proximately caused injury to the Plaintiffs. The direct and proximate cause of the Plaintiff's [sic] injuries were as a [sic] result of this Defendant's negligent acts. But for these negligent acts and/or omission the harm suffered by the Plaintiffs could have been avoided.

Compl. [1-1] at 12-13.

No facts are set forth to support these conclusory assertions. The Complaint [1-1] does not allege how Brome was unfit for employment or that Apex knew of this unfitness – a fatal defect under Mississippi law. *See Tornes v. Dollar Gen. Corp.*, No. 3:19-CV-272-CWR-FKB, 2020 WL 2736423, at *3 (S.D. Miss. May 26, 2020) (collecting cases). Indeed, the independent negligence claims against Apex appear to be classic "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678. Such legally deficient claims should be cut loose, not buoyed indefinitely just to unlock additional discovery. *See id.* at 678-79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009) ("Because the court is directed to look solely at the allegations on the face of the pleadings, discovery would not assist the Plaintiffs in defending the 12(c) motion.").

7

Plaintiffs argue that Defendant misapplies the Rule 12(c) standard, *see* Resp. [10] at 1, but they are mistaken.   In the very same paragraph where Plaintiffs state "Fifth Circuit and Mississippi authority strictly confine Rule 12(c) review to the face of the pleadings," they contend that "[i]n support of Plaintiff's [sic] allegations against Apex transit, public records would show that a Graham Anderson Brome was found guilting [sic] of violating 49 CFR 390.21 in 2003, . . . as well as criminal charges in 2002 and again in 2010 in North Carolina."   *Id.* at 1-2. None of this was pled in the Complaint [1-1], and needless to say, the Court cannot – and will not – take these newfound allegations into consideration at this time.[2] *See, e.g.*, *Bosarge*, 796 F.3d at 440; *Ackerson*, 589 F.3d at 209.   Based on the pleadings, Plaintiffs have not alleged sufficient facts to maintain independent negligence claims against Apex.   *See Iqbal*, 556 U.S. at 678; *Tornes*, 2020 WL 2736423, at *3.

3.      Plaintiffs' Request for Leave to Amend the Complaint

Finally, Plaintiffs' request for leave to amend the Complaint [1-1] should be denied.   Although Federal Rule of Civil Procedure 15(a)(2) "does provide that leave to amend should be freely given when justice so requires, amendment is properly denied where it would be futile."   *Colucci*, 2017 WL 11379844, at *7 (citation omitted).   Plaintiffs do not explain how amending the Complaint [1-1] would insulate their direct negligence claims against Apex from merger under Mississippi

---

[2] Nor would this evidence, even if taken as true, rehabilitate Plaintiffs' deficient pleadings, as it does not speak to Apex's "actual or constructive knowledge of [Brome's] unfitness or otherwise dangerous tendencies."   *Tornes*, 2020 WL 2736423, at *3; *see also* Reply [11] at 2.

law, nor have they complied with the Local Rules in making their request, as they never filed a separate motion for leave to amend or provided the Court with a proposed amended complaint.   *See Colucci*, 2017 WL 11379844, at *7; L.U. Civ. R. 7(b)(2).   For all these reasons, Plaintiffs' request for leave to amend the Complaint [1-1] should be denied.   *See Colucci*, 2017 WL 11379844, at *7 (denying a request to amend on similar grounds).

### III.   CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Apex Transit LLC's Motion [7] for Partial Judgment on the Pleadings is **GRANTED**, and Plaintiffs Maira Mancias and Humberto Santa Cruz's claims of independent negligence against Apex Transit LLC are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 16th day of June, 2026.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE